IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MELVIN LEON KELLAM,

     Plaintiff,

    v.

JAMIE BARKER, et al.

     Defendants.

ORDER

Case No.  24-cv-454-jdp

Plaintiff Melvin Leon Kellam has submitted a certified inmate trust fund account statement in support of a motion for leave to proceed without prepaying the filing fee.  The court must now determine whether plaintiff qualifies for indigent status and, if so, calculate an initial partial payment of the filing fee.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1).  Using information from plaintiff's trust fund account statement, I have calculated plaintiff's initial partial payment to be $350.00.  For this case to proceed, plaintiff must submit this amount on or before August 28, 2024.

If plaintiff does not have sufficient funds in a regular inmate account to make the initial partial payment, then plaintiff should arrange with prison officials to make the payment from a release account.  However, prison officials will draw funds first from plaintiff's regular account and any portion of the initial partial payment remaining from plaintiff's release account.  *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005).

ORDER

IT IS ORDERED that:

1.      Plaintiff Melvin Leon Kellam is assessed an initial partial payment of $350.00. Plaintiff must submit a check or money order payable to the clerk of court by August 28, 2024 or advise the court in writing why plaintiff is not able to make the initial partial payment.

2.      No further action will be taken in this case until the clerk's office receives the initial partial payment as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2).  Once the screening process is complete, the court will issue a separate order.

2.      If plaintiff fails to make the initial partial payment by August 28, 2024, or fails to show cause why the payment could not be made, then I will assume that plaintiff wishes to withdraw this action voluntarily.  In that event, the case will be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  If plaintiff submits the initial payment within 30 days of dismissal, the case will be reopened.  The court will not reopen the case after 30 days unless plaintiff makes a showing that they are entitled to relief under Federal Rule of Civil Procedure 60(b).

Entered this 31st day of July, 2024.

BY THE COURT:


/s/
ANDREW R. WISEMAN
United States Magistrate Judge

2