IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELVIN LEON KELLAM,

Plaintiff,

v.

JAMIE BARKER, VIRGINIA TRZEBIATOWSKI, and
JERED KUEHN,

Defendants.

OPINION and ORDER

24-cv-454-jdp

---

Plaintiff Melvin Kellam, proceeding without counsel, alleges that medical staff at Stanley Correctional Institution denied him custom medical shoes and refused to allow him to see a foot specialist. Defendant Virginia Trzebiatowski moves for summary judgment on the ground that Kellam did not exhaust his administrative remedies against her. Kellam has not responded to Trzebiatowski's motion. Nevertheless, I conclude that the inmate complaint Kellam submitted was sufficient to provide notice of his claims against Trzebiatowski, so the motion for summary judgment will be denied.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282,

284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Kellam asserts Eighth Amendment medical care claims against Trzebiatowski for refusing to provide him with medical shoes as recommended by his orthotic specialist and for denying his requests to see a foot specialist. Trzebiatowski contends that Kellam's grievance about this issue, SCI-2024-5347, was insufficient to exhaust his claims against her, because Kellam failed to name Trzebiatowski or otherwise notify prison officials of Trzebiatowski's involvement.[1]

I disagree. The PLRA's exhaustion requirement does not require an inmate complaint to name all the defendants or identify the inmate's future legal theories. *Jones v. Bock*, 549 U.S. 199, 218–19 (2007). All an inmate has to do is to provide enough information about the problem and who caused it to allow the prison to properly investigate and resolve the issue. *Jackson v. Esser*, 105 F.4th 948, 960 (7th Cir. 2024); *see also* Wis. Admin. Code § DOC

---

[1] Trzebiatowski says that this is the only grievance Kellam filed about the events at issue in the complaint. Because Kellam did not respond to Trzebiatowski's motion, I will treat Trzebiatowski's version of the facts as undisputed.

310.07(6) ("A complaint must contain sufficient information for the department to investigate and decide the complaint.").

In his April 8, 2024, inmate complaint, Kellam wrote that "HSU Nursing Staff and Jimmie Barker are refusing to fill the orthotic order, ordered by an orthotic specialist." Dkt. 30-1. Trzebiatowski argues that this description didn't notify the prison of her involvement, for two reasons. First, she says that Kellam's reference to "HSU nursing staff" doesn't include her, because she is an advanced practice provider. But Trzebiatowski provides no reason why a prison complaint examiner would interpret "nursing staff" to exclude nurse practitioners like Trzebiatowski, nor do I see any. I conclude that Kellam's reference to "HSU nursing staff" was sufficient to notify the prison of Trzebiatowski's involvement.

Second, Trzebiatowski points out that Kellam's complaint was submitted in 2024, almost three years after Trzebiatowski last treated him. But it is well-established that an inmate "need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). I am not aware of any authority holding that an inmate experiencing an ongoing deprivation of his rights must file a new complaint within a certain time of each individual defendant's involvement. Nor would such a rule be consistent with the purpose of the exhaustion requirement, which is to give prison officials a fair opportunity to address the inmate's problem, not to provide early notice to individual defendants of the possibility of litigation. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Trzebiatowski asserts that Kellam's complaint doesn't suffice because state regulations require inmates to submit complaints within 14 days after an incident. But that doesn't change the court's analysis. Even if Kellam's complaint were untimely, "a procedural shortcoming like

failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming." *Id.* (quoting *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005)). Prison officials resolved Kellam's complaint on the merits, so Trzebiatowski cannot rely on the complaint's timeliness to assert an exhaustion defense. *See id.*

One final point. In his 2024 grievance, Kellam complained only that he was being denied medical shoes, which raises the question whether he exhausted his claims that defendants refused to allow him to see a foot specialist. But Trzebiatowski did not raise that issue in her motion, so it is forfeited. I will deny Trzebiatwoski's motion for summary judgment on exhaustion grounds in full. Kellam's claims against all defendants will proceed to summary judgment on the merits.

## ORDER

IT IS ORDERED that defendant Virginia Trzebiatowski's motion for summary judgment on exhaustion grounds, Dkt. 28, is DENIED.

Entered March 11, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge