IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELVIN LEON KELLAM,

Plaintiff,

v.                                                                      ORDER

JAMIE BARKER, VIRGINIA TRZEBIATOWSKI, and                24-cv-454-jdp
JERED KUEHN,

Defendants.

---

Plaintiff Melvin Kellam, proceeding without counsel, alleges that medical staff at Stanley Correctional Institution denied him custom medical shoes and refused to allow him to see a foot specialist. I previously denied defendant nurse practitioner Virginia Trzebiatowski's motion for summary judgment for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Dkt. 41. I concluded that an inmate complaint that Kellam submitted in 2024 about his foot care was sufficient for Kellam to exhaust his claims against Trzebiatowski. *Id.* Trzebiatowski now moves for reconsideration on the exhaustion issue, contending that the continuing violations doctrine, which I relied on in deciding that Kellam had exhausted his claims against Trzebiatowski, does not apply to Kellam's case. Dkt. 42. Kellam did not respond to the motion to reconsider. I agree with Trzebiatowski that the continuing violations doctrine does not apply in these circumstances, so I will grant the motion to reconsider and dismiss Kellam's claims against Trzebiatowski for failure to exhaust administrative remedies.

Under the continuing violations doctrine, a prisoner who is experiencing an ongoing violation of his rights does not need to file multiple, successive grievances about the same issue to exhaust his administrative remedies. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). In

*Turley*, the plaintiff sued prison officials for constitutional violations associated with repeated prison lockdowns, which began in January 2008 and continued through October 2010. The court of appeals concluded that a February 2009 grievance that Turley submitted about the lockdowns was sufficient to exhaust his administrative remedies for the entire period. *Id.* at 649–50. The court reasoned that the lockdown problem was ongoing when Turley filed the grievance; thus, the grievance satisfied the purpose of the exhaustion requirement, because it notified the prison about the lockdown problem and gave it an opportunity to correct the issue. *Id.* at 650.

Relying on *Turley*, I previously concluded that Kellam had exhausted his administrative remedies for his claims based on defendants' refusal to give him medical shoes. Dkt. 41. Kellam submitted a grievance about the medical shoe issue on April 8, 2024, in which he wrote that "HSU Nursing Staff and Jimmie Barker are refusing to fill the orthotic order, ordered by an orthotic specialist." Dkt. 30-1. Trzebiatowski argued that this grievance did not exhaust Kellam's administrative remedies for his claims against her, because Trzebiatowski treated Kellam only once in 2021, and this grievance was submitted almost three years later. I rejected that argument, reasoning that Kellam was complaining about an ongoing issue, like the plaintiff in *Turley*.

On reconsideration, Trzebiatowski asserts that *Turley* is inapplicable because Kellam was not raising a true ongoing condition; instead, he was attempting to retroactively complain about separate incidents of inadequate medical care. Trzebiatowski says that if a grievance like Kellam's were sufficient, then prisoners could avoid rules for filing timely grievances by simply submitting generalized grievances combining old and new problems. Trzebiatowski argues that

this would deprive prison officials of a meaningful opportunity to correct problems, undermining the purpose of the PLRA. Dkt. 42, at 5.

I have previously considered the retroactive application of *Turley* in two similar cases about inadequate medical care issues. In *Compton v. Cox*, No. 12-cv-837-jdp, 2017 WL 933152 (W.D. Wis. Mar. 8, 2017), plaintiff Compton alleged in his complaint that prison staff had failed to treat a broken finger that he suffered in 2007, causing him problems that lasted until at least 2013. Compton filed his first grievance about this issue in October 2011, stating that he had he had been complaining about his broken finger since 2007 and that his pain had become unbearable. Citing *Turley*, Compton argued that this grievance retroactively exhausted all of his claims going back to 2007, because the problems with his finger treatment were ongoing. I rejected that argument, reasoning:

> Compton misconstrues *Turley* to mean that an inmate could exhaust a claim about the *first* act of continuing misconduct by filing a grievance about a *later* act of continuing misconduct taking place years later. Nothing in *Turley* suggests that a relatively recently filed grievance can retroactively exhaust claims about far earlier misconduct. Rather, *Turley* stands for the proposition that once a grievance is filed about part of a pattern of misconduct, a prisoner may not be required to file *subsequent* grievances for later instances of misconduct fitting within that pattern. *Id.* ("Thus, once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement.").

*Id.* at *3. I concluded that Compton had failed to exhaust administrative remedies for any claims based on conduct that occurred prior to September 2011.

In *Nieto v. Dittman*, No. 16-cv-163-jdp, 2017 WL 3610571 (W.D. Wis. Aug. 22, 2017), plaintiff Nieto alleged that prison staff had failed to diagnose and treat his broken toe and bone spurs. He alerted health services staff and was told that he had been scheduled for a follow-up appointment, but he did not actually see a doctor for more than a year. The doctor diagnosed

a toe fracture, but Nieto received no further treatment. After six more months of waiting, Nieto filed a grievance, alleging that he had first complained about his symptoms more than a year and a half ago and had not yet received treatment. I concluded that the grievance was sufficient to exhaust Nieto's administrative remedies for the entire course of events related to his broken toe treatment. Unlike Compton, Nieto filed his grievance promptly once he became aware that he was facing an ongoing delay of care. Nieto was "not using a late-filed grievance to resurrect a stale claim that he failed to press promptly." *Id.* at *2.

The general rule from *Turley*, *Compton*, and *Nieto* is this: if a plaintiff becomes aware of an ongoing issue and promptly files a grievance, then the grievance exhausts administrative remedies for the entire ongoing course of events, both before and after the date of the grievance. But if a plaintiff was already aware of an issue and could have grieved it earlier, then he cannot retroactively exhaust his administrative remedies by shoehorning the earlier issue into a later grievance and asserting that the problem is ongoing.

Turning to Kellam's case, I conclude that the April 2024 grievance was insufficient to exhaust Kellam's claims against Trzebiatowski. Trzebiatowski's only interaction with Kellam was a telehealth visit in 2021, so any claim that she denied him medical shoes would have to have been based on conduct that occurred around that time. It is implausible that Kellam only became aware that Trzebiatowski denied him medical shoes in 2024, which is when he filed his only grievance about the issue. Instead, it appears that Kellam was trying to resurrect an old claim against Trzebiatowski by combining his grievance about her conduct with a new grievance about conduct by defendants Barker and Kuehn. Nothing in *Turley* allows an inmate to exhaust administrative remedies that way.

4

I will grant Trzebiatowski's motion for reconsideration and dismiss Kellam's claims against Trzebiatowski for failure to exhaust administrative remedies. Dismissals for failure to exhaust are always without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), although it is almost certainly too late for Kellam to properly exhaust these claims.

ORDER

IT IS ORDERED that:

1. Defendant Virginia Trzebiatowski's motion for reconsideration, Dkt. 42, is GRANTED.

2. Plaintiff Melvin Kellam's claims against Trzebiatowski are DISMISSED without prejudice for failure to exhaust administrative remedies.

3. Trzebiatowski is DISMISSED from the case.

Entered May 11, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge