IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELVIN LEON KELLAM,

                              Plaintiff,                          OPINION and ORDER

          v.
                                                                  24-cv-454-jdp
JAMIE BARKER and JERED KUEHN,

                              Defendants.

---

Plaintiff Melvin Leon Kellam, a state prisoner representing himself, is proceeding on claims that prison medical providers refused to provide him medical shoes and denied his request to see a foot specialist, in violation of the Eighth Amendment.  Defendants have filed a motion for summary judgment, Dkt. 48, that the court will address in a separate order after it is fully briefed and under advisement.  In this order, the court will address plaintiff's renewed motion to compel and deny it for the following reasons.[1]  Dkt. 56.

ANALYSIS

Plaintiff's initial request for production served on defendants in October 2025 asks for the number of New Balance shoes that the health services unit ordered or approved from 2019 through 2023.  Dkt. 60-2 at 2.  He now seeks to compel production of three categories of information: (1) statistical information about the number of New Balance shoes and custom

---

[1] Plaintiff's initial motion to compel was denied without prejudice because he did not include certification that he attempted in good faith to confer with defendants to obtain discovery without court action.  Dkt. 55.  To facilitate the meet and confer process, the court ordered defendants to schedule a call with plaintiff to discuss the discovery at issue.  That process was unsuccessful, and plaintiff renewed his motion.

orthotics the health services unit at Stanley Correctional Institution has provided to inmates from January 1, 2019 through December 31, 2024; (2) the "deposition record" defendants created and rely on in support of their motion for summary judgment; and (3) defendant Kuehn and defendant Barker's curriculum vitae. Dkt. 56 at 4.

To start, the court underscores defendants' point that plaintiff has not served discovery requests on them for most of the materials he is now requesting. Generally, discovery requests need to be served in writing on defendants, who will then have 30 days to respond. This is in part to ensure that requests and responses are documented for purposes of party and court review. Plaintiff cannot circumvent the discovery process by making last-minute oral requests at a meet and confer or including them in a motion to compel. Discovery has been open in the case since September 30, 2025, so plaintiff has had plenty of time to properly serve discovery requests. His motion to compel can largely be denied on this ground alone.

Even if plaintiff had properly served written discovery requests, the court would still deny his motion. As for the statistical information he seeks, institution-wide statistical information about shoes and orthotics is not relevant to plaintiff's claims of inadequate medical care against the individual defendants. Plaintiff's theory focuses on defendants' alleged deliberate indifference to his individual health needs—he alleges that defendants violated his constitutional rights by unlawfully denying him shoes and orthotics recommended by a foot specialist and by not allowing him to see a foot specialist. He is not proceeding on a claim of institution-wide neglect or systemic threats to many prisoners' health and safety. Because of the limited nature of the claim at issue, how the health services unit handled other inmate requests for medical shoes does not matter. What matters is how and why the defendants in this case handled plaintiff's request.

2

In any event, defendants have provided some information on this point. They responded that New Balance shoes are not available through the health services unit at Stanley and that the approved vendor is Orth Feet. Dkt. 60-2 at 3. If plaintiff disputes the accuracy of that response, he may present his argument and contradictory evidence at summary judgment.

Plaintiff also requests the complete "deposition record" defendants used to prepare their summary judgment materials, "NOT just the questions and answers in the motion." Dkt. 56 at 2. But the court does not understand what materials plaintiff is requesting because defendants did not file any depositions or excerpts of depositions in support of their motion for summary judgment, nor do they refer to any depositions in the brief or their proposed findings of fact. *See* Dkt. 49 & Dkt. 50. Defendants do reference their declarations, which have been filed on the docket at Dkt. 51 (Barker) and Dkt. 53 (Kuehn). Also on the docket is defense counsel's declaration authenticating the attached medical records. Dkt. 52. Defendants' certificate of service attests that these materials were served on plaintiff, Dkt. 48-1, so plaintiff should have all of defendants' summary judgment materials.

Finally, plaintiff asks for defendants' curriculum vitae but does not explain why these documents are relevant. Such documents often contain irrelevant, sensitive personal information and here, defendants have submitted proposed findings of fact that state their job titles and how long they held their respective positions. Dkt. 51, ¶¶ 2–3; Dkt. 53, ¶¶ 2–4. It is therefore unclear why plaintiff would need their CVs, and the court will not order their production at this point.

Plaintiff may submit any remaining discovery requests to defendants directly before discovery closes on October 23, 2026. That said, he should focus on the more pressing legal

task of preparing and filing his response to defendants' motion for summary judgment by August 17, 2026.

## ORDER

IT IS ORDERED that plaintiff Melvin Leon Kellam's motion to produce discovery, Dkt. 56, is DENIED.

Entered August 10, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

4